IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HAZEL J. GORAYA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-10-5212 |
| | § | |
| BARBARA JORDAN CHILD | § | |
| DEVELOPMENT CENTER, | § | |
|     Defendant. | § | |

**MEMORANDUM AND ORDER**

This employment discrimination case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 16] filed by Defendant Barbara Jordan Child Development Center. Plaintiff Hazel J. Goraya, *pro se*, filed a response [Doc. # 18], and Defendant filed a Reply [Doc. # 19]. Having reviewed the full record and applied governing legal authorities, the Court **grants** Defendant's Motion.

**I.   BACKGROUND**

Plaintiff worked for Defendant as a Teacher's Assistant. On September 13, 2010, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff marked boxes indicating that she alleged discrimination on the basis of color, sex, and age. In the narrative section, Plaintiff stated that Roxanne Torres, a "20+" year old Hispanic co-worker, was interrupting Plaintiff's personal conversation with another co-worker. Plaintiff stated

that she told Torres "I will kick your ass" and was suspended for five days as a result. Plaintiff alleged that on another occasion she was "written up for leaving the kids unattended while taking a smoke break." Plaintiff stated also that she was disciplined in December 2009 for insubordination.

After receiving her Notice of Right To Sue from the EEOC, Plaintiff filed this lawsuit alleging discrimination on the basis of color and sex in violation of Title VII, disability discrimination in violation of the Americans with Disabilities Act ("ADA"), violation of the "Genetic Information Act," age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), and violation of the Equal Pay Act. The Complaint [Doc. # 1] contains no factual allegations, but the EEOC charge is attached as an exhibit to the Complaint.

After an adequate time to complete discovery, Defendant filed a Motion for Summary Judgment. Plaintiff filed a response, stating that "indeed the discrimination did occur" and complaining that Defendant had not offered her a settlement. The Motion for Summary Judgment is ripe for decision.

## II.   STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the

party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material

fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would

prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## III. ANALYSIS

### A. Title VII Discrimination Claims - Color and Sex

Under the burden-shifting standard applicable to Title VII claims, a plaintiff claiming discrimination on the basis of color and/or sex must establish a *prima facie* case by demonstrating that she: (1) is a member of a protected class; (2) was qualified for the position in question; (3) was the subject of an adverse employment action; and (4) was treated less favorably than similarly situated persons who were not members of the protected class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009); *Black v. Pan Am. Labs., L.L.C.*, 646 F.3d 254, 278 (5th Cir. 2011) (sex discrimination). Plaintiff has failed to allege or present evidence that she was treated less favorably than similarly situated employees who were a different color or sex. As a result, Defendant is entitled to summary judgment on Plaintiff's Title VII claims of discrimination on the basis of color and/or sex.

### B. ADA Claim

Before a plaintiff may file a lawsuit asserting an ADA claim, she must first exhaust her administrative remedies by filing a charge of discrimination with the

EEOC.  *See* 42 U.S.C. § 12117; *Henson v. Bell Helicopter Textron, Inc.*, 128 F. App'x 387, 390-91 (5th Cir. Apr. 18, 2005).  Plaintiff has not presented evidence that she has presented her ADA claim to the EEOC and, as a result, Defendant is entitled to summary judgment on that claim.

### C. "Genetic Information Act" Claim

Executive Order No. 13145 prohibits federal executive agencies and departments from discharging, refusing to hire, or otherwise discriminating against an individual because of "protected genetic information" or because of information about an individual's request for or receipt of genetic services.  *See* Executive Order No. 13145, § 1-202.  Plaintiff does not allege or present evidence that Defendant is a federal executive agency or department and, as a result, Defendant is entitled to summary judgment on the "Genetic Information Act" claim.

### D. ADEA Claim

To avoid summary judgment on an age discrimination claim under the ADEA, a plaintiff must present evidence that (1) she is within the protected class; (2) she is qualified for her position; (3) she suffered an adverse employment decision; and (4) she was "treated less favorably than similarly situated younger employees (i.e., suffered from disparate treatment because of membership in the protected class)."  *Smith v. City of Jackson, Miss.,* 351 F.3d 183, 196 (5th Cir. 2003).  In this case,

Plaintiff has failed to present evidence that she was treated less favorably than similarly-situated younger employees. She has identified no younger employees who were not disciplined for leaving children unattended while they went to smoke or who were not disciplined for insubordination. Although Plaintiff alleges, without supporting evidence, that Roxanne Torres is a younger employee, she does not allege that Ms. Torres engaged in misconduct similar to threatening to assault a co-worker. Consequently, Defendant is entitled to summary judgment on Plaintiff's ADEA claim.

### E. Equal Pay Act Claim

In order to prevail on an Equal Pay Act claim, Plaintiff must present evidence that her employer is subject to the Equal Pay Act and that she was paid less than an employee of the opposite sex who performed work involving equal skill, effort, and responsibility under similar working conditions. *See* 29 U.S.C. § 206(d)(1); *Chance v. Rice University*, 984 F.2d 151, 153 (5th Cir. 1993); *Wiley v. Am. Elec. Power Serv. Corp.*, 287 F. App'x 335, 340-41 (5th Cir. July 28, 2008). Plaintiff has not presented evidence of any employees of the opposite sex whom Defendant paid more than it paid Plaintiff. Indeed, the four employees for whom Plaintiff requested pay rate information are all female. *See* Letter [Doc. # 13] filed June 7, 2011. Accordingly, Defendant is entitled to summary judgment on Plaintiff's Equal Pay Act claim.

## IV.  CONCLUSION AND ORDER

Plaintiff has failed to present evidence to raise a genuine issue of material fact in connection with any of her claims in this case.  As a result, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 16] is **GRANTED**.  The Court will issue a separate final order.

SIGNED at Houston, Texas, this 12th day of **December, 2011**.

_____
Nancy F. Atlas
United States District Judge